UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-14092-CIV-MOORE/LYNCH

ERIC V. MACKLIN,

    Plaintiff,

v.

ERIC MUECK (aka Howard Ely),
INTERNATIONAL LIBRARY OF
POETRY, NATIONAL LIBRARY
OF POETRY, ALEX HANLEY, and
POETRY.COM,

    Defendants.
_____/



FILED by ___ D.C.

DEC 29 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S NOTICE OF PROOF OF DAMAGES [D.E. #170]**

**THIS CAUSE** having come on to be heard upon an Order of Reference from the District Court and Judge Moore's Order directing the Plaintiff to file a proof of damages and this Court having reviewed the Notice of Proof of Damages, the attachments and noting that no response has been filed by any of the Defendants in respect thereto as directed by Judge Moore's Order, this Court recommends to the District Court as follows:

    1.    The Plaintiff has elected to seek statutory damages and waive any proof of actual damages. The Plaintiff is not entitled to a jury trial in respect to assessment of statutory damages. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998). Therefore, this Court will make its recommendation based upon the pleadings.

    2.    The Plaintiff seeks statutory damages for copyright infringement of two poems that he alleges were provided to these Defendants and which were published in various forms. The Plaintiff's motion alleges that a copy of each poem is published on a web page of Poetry.com. Also, the Plaintiff claims a copy of each poem was used in a Poetry-In-Motion contest on that website. The Plaintiff also alleges that an audio sound

172

recording of the poem could be listened to or recorded off that website. Finally, the Plaintiff alleges that a copy of the poem was included in a book the Plaintiff refers to as "Nature's Echoes".

3. The Plaintiff's Third Amended Complaint does not make any mention of allegations concerning this publication in the book called "Nature's Echoes". The Plaintiff's recovery of statutory damages is limited to the claims for relief that are set forth in his pleadings.

4. In respect to each of these Defendants, the Plaintiff's own motion and Third Amended Complaint allege that the Defendant National Library of Poetry owns the Defendant International Library of Poetry. Further, the Plaintiff alleges that the Defendant International Library of Poetry owns Poetry.com. The individual Defendants Mueck and Hanley are alleged by the Plaintiff to be employees of the National Library of Poetry and Poetry.com respectively.

5. The Plaintiff is seeking to multiply the alleged infringements times each Defendant. However, this Court finds that the facts do not support that even in an uncontested form as before this Court. Clearly, the main Defendant as named by the Plaintiff's own pleadings refer to the Defendant National Library of Poetry which owns the subsidiary International Library of Poetry, which owns the website Poetry.com.

6. Further, the individual Defendants named by the Plaintiff are employees of these companies as set forth in the Plaintiff's own Third Amended Complaint. There is nothing in the Third Amended Complaint which would justify this Court finding any liability outside these individuals' scope of employment concerning solicitation of poetry for their respective employers. Therefore, this Court is going to decline to recommend awarding

any statutory damages as to those individual employees.

7. Title 17 U.S.C. § 504(c) sets forth the limits of statutory damages. Subsection (1) of that statute provides statutory damages of not less than $750.00 or more than $30,000.00, as the Court considers just, with any copyright infringement in respect to any one work by an individual infringer or two or more infringers which are found liable jointly and severally.

8. Subsection (2) of that statute provides that in the case where there is a willful infringement found, the Court may increase the statutory award to a sum of not more than $150,000.00. The statute does not increase the statutory minimum.

9. This Court finds that the infringement as to these two poems was done one time on the Poetry.com website. The fact that an audio sound recording was also available on that website does not multiply the times that the poems were utilized. Each of the poems was apparently used in a contest as well.

10. The new allegation by the Plaintiff that the poems were published in a book called "Nature's Echoes", was not previously set forth in his Third Amended Complaint upon which the judgment was granted by the District Court. Therefore, the Plaintiff cannot attempt to enter new proof at this stage of the proceedings. He is bound by the allegations in his Third Amended Complaint.

11. In determining statutory damages under the Copyright Act, the unit of damages is based not on the number of infringements, but on the number of works infringed upon. In order to determine the number of violations, the Court need only sum the number of separate, individual works which were the subject of a defendant's infringing activities. Arclightz and Films Pvt. Ltd. v. Video Palace, Inc., 303 F.Supp.2d 356 (S.D.N.Y.

2003). Therefore, based upon the two works of poetry which were allegedly infringed upon by the Defendants in this case, the statutory damages of $750.00 per work would bring the Plaintiff's statutory damages to a total of $1,500.00.

12. This Court finds that based upon the Plaintiff's allegations, each of the poems, "I Need You" and "You Are" were published on the website at Poetry.com and that each of the poems was also used in a Poetry-In-Motion contest. This Court will recommend an award of damages jointly and severally against National Library of Poetry, International Library of Poetry and Poetry.com in the total sum of $750.00 for each of the two poems which were published/used by these related Defendants. This Court finds that this constitutes two works, being the two poems, that were used. This would bring total statutory damages to be awarded to the Plaintiff in the amount of $1,500.00.

13. It is not this Court's intention that the statutory damages of $1,500.00 be multiplied by each of the three Defendants. Rather, under the statute and under the facts as framed by the Plaintiff's pleadings, this Court finds that the action of these three Defendants was all related based upon their common ownership and subsidiary status of each other and that the maximum damages this Court is recommending to be awarded is a total of $1,500.00 as to all Defendants combined together. This Court is recommending that those damages be awarded jointly and severally only to permit the Plaintiff to recover the damages from any of the Defendants in whole or in part. However, in no case shall the Plaintiff collect more than a total of $1,500.00 statutory damages for all claims in this case. In addition, as this Court found earlier, the individual Defendants named were employees and this Court is recommending that based upon the facts as framed by the Plaintiff's pleadings, that the conduct of these employees did not exceed the scope of their

employment. Therefore, there should be no individual liability. No statutory damages are being recommended to be awarded against those individual Defendants.

**ACCORDINGLY,** this Court recommends to the District Court that the Plaintiff be awarded the minimum statutory damages permitted under the statute in the sums set forth herein against the Defendants National Library of Poetry, International Library of Poetry and Poetry.com, jointly and severally, and that the Plaintiff's request for statutory damages against the individual Defendants Mueck and Hanley be DENIED.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___29th___ day of December, 2004, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Eric Macklin, pro se
DC #061831
Glades Work Camp
2600 North Main Street
Belle Glade, FL 33430

Eric Mueck, International Library
of Poetry, National Library of Poetry,
Poetry.com
1 Poetry Plaza
Owings Mills, MD 21117